UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**THERESA GAGNON,**

       **Plaintiff,**

**CASE NO.:**

v.

**PETSMART, INC.,**

       **Defendant.**

---

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT,
IN AND FOR LEE COUNTY, FLORIDA

**THERESA GAGNON,**

       **Plaintiff,**       **CASE NO.:   20-CA-05156**
   vs.

**PETSMART, INC.,**

       **Defendant.**

---

### NOTICE AND PETITION FOR REMOVAL

**TO:**   The Honorable Judges of the United States District Court
        for the Middle District of Florida

Defendant, PetSmart, Inc., hereby Petitions for Removal of the above-styled action from the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida, to this Court. Removal is proper on the following grounds:

1. Plaintiff filed a Complaint in the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida. The clerk of that court assigned case number: 2020-CA-05156.  (*See* Pl. Compl., attached hereto as Exhibit A.)

2. The Summons and Complaint in this case were served on PetSmart's

registered agent on August 10, 2020.  (*See* Proof of Service, attached hereto as Ex. B.)

3. Plaintiff's Complaint alleges, *inter alia*, that the Defendant negligently maintained its premises by allowing a foreign transitory substance to remain on the floor of its store, thereby creating a slippery and dangerous condition so that Plaintiff slipped and fell. Plaintiff alleges she was injured as a direct and proximate result of Defendant's negligence and that her injuries are permanent or continuing.  (*See* Ex. A at ¶ 4-7.)

4. Plaintiff was a citizen of the United States and domiciled in the State of Florida at all times material to this action.

5. At the time of the Complaint and Notice of Removal and at all times material hereto, PetSmart, Inc. was and is a Delaware corporation with its principal place of business in Arizona.  Accordingly, Defendant is a foreign corporation.  *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.")

6. Removal of this action is proper under 28 U.S.C. § 1332, which allows for District Court jurisdiction over, "all civil actions where the matter in controversy exceeds the sum or value of $75,000.00," and is between citizens of a State and citizens or subjects of a foreign state.  28 U.S.C. § 1332.  A corporation is deemed to be a citizen of any State or nation where the corporation is incorporated and in the State or nation where it has its principal place of business.

7. Venue is proper in this Court under 28 U.S.C. § 1332.

8. In her Complaint, Plaintiff seeks compensatory damages in excess of Thirty Thousand Dollars ($30,000).   Nonetheless, it is apparent that the amount in controversy exceeds $75,000.  Plaintiff alleges that she sustained bodily injuries, pain and suffering as a

result of her fall and that she incurred medical expenses and lost wages in the past and the future as a result of the subject accident. (*See* Ex. A. at ¶ 9.)

9. The relevant Florida case law is clear that where the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Love v. Northern Tool & Equip. Co.*, 2008 U.S. Dist. LEXIS 59110 (S.D. Fla. Aug. 1, 2008) (considering the amount of a pre-suit demand when deciding whether the amount in controversy requirement was met). Although Defendant denies that it was the cause of Plaintiff's injuries, it does not dispute that the damages claimed in Plaintiff's Complaint appear serious and significant. Though Plaintiff merely alleges the jurisdictional minimum for filing a claim in Florida's circuit courts (*See* Ex. A at ¶ 1), it is evident from her March 12, 2020 pre-suit demand that Plaintiff places more than $75,000 in controversy, exclusive of interest and costs. Plaintiff demanded $1,000,000.00 to resolve her dispute with PetSmart, Inc. (*See* Plaintiff's Demand, attached hereto as Ex. C.)

10. According to the pre-suit demand, Plaintiff's alleged injuries are permanent and will require future medical care. (*See* Ex. C.) It is alleged the Plaintiff's past medical specials exceed $21,000.00 and that she will require future medical care totaling $200,000.00. This is further evidence that the amount in controversy surpasses the jurisdictional threshold warranting this Court's jurisdiction.

11. Given the foregoing, Defendant asserts that the amount in controversy in this matter clearly exceeds the jurisdictional minimum, exclusive of interest and costs. *See Logsdon v. Duron, Inc.*, Case No.: 3:05cv243J-16HTS, 2005 WL 1163095, at *2 (M.D. Fla. May 17, 2005) (holding that a removing defendant need only show that the amount in

controversy will "more likely than not" be satisfied when a plaintiff does not claim a specific amount of damages).

12. Defendant simultaneously files all pleadings it possesses in this file with this Petition for Removal. Defendant will contact the Clerk of the Court to determine what documents on file have not been properly served and will forward those documents to the Court.

Dated: August 31, 2020                                    Respectfully Submitted,

/s/ Edward F. Gagain, III, Esq.
**Edward F. Gagain, III, Esq.**
Florida Bar No. 0085154
TRIAL COUNSEL
**Caitlin E. Costa, Esq.**
Florida Bar No. 0112428
GOLDEN SCAZ GAGAIN, PLLC
201 North Armenia Avenue
Tampa, Florida 33609
Telephone: (813) 251-5500
Facsimile: (813) 251-3675
E-Mail: egagain@gsgfirm.com
E-Mail: ccosta@gsgfirm.com
Attorneys for Defendant, PetSmart

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to Christopher J. Smith, Esq. (cjs@gbclaw.com and cjsservice@gbclaw.com) on this 31st day of August, 2020.

**GOLDEN SCAZ GAGAIN, PLLC**

/s/ Edward F. Gagain, III, Esq.
**Edward F. Gagain, III., Esq.**

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL ACTION

THERESA GAGNON,

    Plaintiff,

v.                                          CASE NO.

PETSMART, INC.,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, THERESA GAGNON, by and through the undersigned attorneys, sues the Defendant, PETSMART, INC., and alleges:

1. This is an action for damages that exceed $30,000, exclusive of costs and interest.

2. Defendant, PETSMART, INC., is now, and at all times herein mentioned was, a corporation duly organized and existing under the laws of the State of Delaware and duly authorized and licensed to do business in the State of Florida.

3. At all times material to this cause of action, PETSMART, INC., owned, operated, managed and/or controlled property located at 1819 NE Pine Island Rd, Cape Coral, Florida, which was open for access to the general public as a pet store.

4. At all times material to this cause of action, Plaintiff, THERESA GAGNON, was upon the premises as a business invite for the purpose of shopping.

5. On or about August 16, 2019, Plaintiff, THERESA GAGNON, slipped on liquid on the floor of the above mentioned property, causing Plaintiff to fall and sustain severe personal injuries as hereinafter described.

EXHIBIT A

6. At all times material to this cause of action Defendant, PETSMART, INC., as owner, operator, and/or manager of said premises, had a duty of reasonable care to maintain the premises in a reasonably safe condition for the safety of invitees on the premises.

7. Defendant, PETSMART, INC., its agents, servants and/or employees, acted negligently by failing to exercise reasonable care by, among other things:

   a. Creating the unreasonably dangerous condition;

   b. Failing to provide a safe place for their invitees;

   c. Carelessly and negligently permitting and allowing a condition to remain on the premises which involved unreasonable risk of harm to another person;

   d. Failing to inspect, discover and correct the aforementioned dangerous condition;

   e. Carelessly and negligently failing to take reasonable precautions to guard or protect Plaintiff against said dangerous or hazardous condition; and,

   f. Failing to properly warn Plaintiff of the dangerous condition or to provide proper protection against same.

8. Defendant, PETSMART, INC., knew, or in the exercise of reasonable care should have known, of the existence of the dangerous and hazardous condition as described above, and Defendant was negligent in not eliminating said dangerous condition.

9. As a result, Plaintiff, THERESA GAGNON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, exacerbation of a previously existing condition, loss of earnings, loss of the ability to earn money and numerous medical expenses. The losses are permanent and continuing in nature and the Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff, THERESA GAGNON, sues the Defendant, PETSMART, INC., for compensatory damages in an amount in excess of $30,000, exclusive of interest and costs, and demands a trial by jury of all issues triable as of right by a jury.

> GOLDSTEIN, BUCKLEY, CECHMAN,
> RICE & PURTZ, P.A.
> Attorneys for Plaintiff
> Post Office Box 2366
> Fort Myers, Florida 33902-2366
> (239) 334-1146
>
> By:/s/ *CHRISTOPHER J. SMITH*
>   CHRISTOPHER J. SMITH
>   Florida Bar No. 0046260

Copies to:
CJS@gbclaw.com
CJSservice@gbclaw.com

# CORPORATE CREATIONS®
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

PetSmart, Inc.
Suzanne Grant Paralegal
PetSmart, Inc.
19601 North 27th Avenue
Phoenix AZ 85027

08/10/2020

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Item: 2020-687

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| | | |
|---|---|---|
| 1. | **Entity Served:** | PetSmart, Inc. |
| 2. | **Title of Action:** | Theresa Gagnon vs. Petsmart, Inc. |
| 3. | **Document(s) Served:** | Summons<br>Standing Order in Civil Cases in the Twentieth Judicial Circuit<br>Complaint and Demand for Jury Trial<br>Plaintiff's Request to Produce to Defendant |
| 4. | **Court/Agency:** | Lee County Twentieth Judicial Circuit Court |
| 5. | **State Served:** | Florida |
| 6. | **Case Number:** | 20CA5156 |
| 7. | **Case Type:** | Negligence/Personal Injury |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Monday 08/10/2020 |
| 10. | **Date to Client:** | Monday 08/10/2020 |
| 11. | **# Days When Answer Due:<br>Answer Due Date:** | 20<br>Sunday 08/30/2020 | **CAUTION:** Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Christopher J. Smith<br>Fort Myers, FL<br>239-334-1146 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 101 |
| 16. | **Notes:** | Please note there are other Due Dates listed in the document<br><br>Also Attached:<br>* Plaintiff's Request for Admissions to Defendant, etc. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

801 US Highway 1 North Palm Beach, FL 33408   Tel: (561) 694-8107   Fax: (561) 694-1639
www.CorporateCreations.com

Exhibit B

6. At all times material to this cause of action Defendant, PETSMART, INC., as owner, operator, and/or manager of said premises, had a duty of reasonable care to maintain the premises in a reasonably safe condition for the safety of invitees on the premises.

7. Defendant, PETSMART, INC., its agents, servants and/or employees, acted negligently by failing to exercise reasonable care by, among other things:

   a. Creating the unreasonably dangerous condition;

   b. Failing to provide a safe place for their invitees;

   c. Carelessly and negligently permitting and allowing a condition to remain on the premises which involved unreasonable risk of harm to another person;

   d. Failing to inspect, discover and correct the aforementioned dangerous condition;

   e. Carelessly and negligently failing to take reasonable precautions to guard or protect Plaintiff against said dangerous or hazardous condition; and,

   f. Failing to properly warn Plaintiff of the dangerous condition or to provide proper protection against same.

8. Defendant, PETSMART, INC., knew, or in the exercise of reasonable care should have known, of the existence of the dangerous and hazardous condition as described above, and Defendant was negligent in not eliminating said dangerous condition.

9. As a result, Plaintiff, THERESA GAGNON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, exacerbation of a previously existing condition, loss of earnings, loss of the ability to earn money and numerous medical expenses. The losses are permanent and continuing in nature and the Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff, THERESA GAGNON, sues the Defendant, PETSMART, INC., for compensatory damages in an amount in excess of $30,000, exclusive of interest and costs, and demands a trial by jury of all issues triable as of right by a jury.

                                                GOLDSTEIN, BUCKLEY, CECHMAN,
                                                RICE & PURTZ, P.A.
                                                Attorneys for Plaintiff
                                                Post Office Box 2366
                                                Fort Myers, Florida 33902-2366
                                                (239) 334-1146

                                                By:*/s/ CHRISTOPHER J. SMITH*
                                                    CHRISTOPHER J. SMITH
                                                    Florida Bar No. 0046260

Copies to:
CJS@gbclaw.com
CJSservice@gbclaw.com

# GOLDSTEIN, BUCKLEY, CECHMAN, RICE & PURTZ, P.A.
## ATTORNEYS AT LAW

RAY GOLDSTEIN (1931-2013)
STEPHEN W. BUCKLEY
JOHN B. CECHMAN, BCS*
J. JEFFREY RICE, BCS* + ²
RICHARD L. PURTZ, BCS*
* Board Certified Specialist in Civil Trial
² Certified Mediator by FL Supreme Court
¹ Board Certified Specialist in Business Litigation and Construction Law

2852 Tamiami Trail, Suite 1
Port Charlotte, FL 33952
(941) 624-2393
Fax (941) 624-2155

Email: asmith@gbclaw.com

CHRISTOPHER J. SMITH, BCS*
ANDREA PLEIMLING SMITH
MICHAEL P. VERSNIK
EVE T. KOSCIUSZKO

March 12, 2020

**SENT VIA CERTIFIED MAIL: 7019 0700 0001 8100 5856**

Darena Alter, Claims Examiner
Sedgwick Claims Management Services Inc
PO Box 14531
Lexington KY 40512-4531

Re: Our Client:            Theresa Gagnon
    Date of Accident:      8/16/2019
    Your Insured:          PetSmart Inc
    Incident Report Number: 30193295507-0001
    Our File Number:       190700

Dear Ms. Alter:

As you are aware, we represent Theresa Gagnon for her personal injury claim resulting from an accident that occurred on August 16, 2019.

At this time, our client has reached maximum medical improvement and the purpose of this letter is to give you an opportunity to review, evaluate, and attempt good faith settlement negotiations to resolve this pending claim. As all personal injury claims have certain factors to consider, we outline the claim of our client as follows:

## LIABILITY

The issue of liability in this case is clear. On August 16, 2019, just after 11am, Theresa Gagnon was shopping with a friend in PetSmart Store #1834 on NE Pine Island Road in Cape Coral, Florida. The walked to the endcap of aisle 18 and Theresa slipped on water and fell. Her left leg actually hit her friend and almost knocked her down as well. Several employees came over and then put a warning sign up. An incident report was written, but Theresa did not get a copy. Your facility has a duty to maintain your property in a reasonably safe condition and to warn its patrons of any dangerous condition that exists. Clearly, this was a dangerous condition. There were no signs warning patrons of the condition. Due to the negligence of the staff, our client's damages are your responsibility.

**OFFICES**

| FORT MYERS | LEHIGH ACRES | CAPE CORAL | NAPLES | PORT CHARLOTTE |
|---|---|---|---|---|
| (239) 334-1146 | (239) 368-6101 | (239) 574-5575 | (239) 514-0924 | (941) 624-2393 |

3-17-2020          301932955070001                    Exhibit C              5120200317142128

Photo taken on date of loss 8/16/19



For the care and treatment of the injuries sustained in this accident, Theresa Gagnon has incurred to date the following medical specials:

## MEDICAL SPECIALS

| Medical Provider | Total Charges | Paid by VA | Paid by Medicare | Adj. | Balance Due |
|---|---|---|---|---|---|
| Akumin/Elite | $2,425.00 | | | | $2,425.00 |
| FL Radiology Consultants | $169.00 | | $129.56 | | $39.44 |
| Lee County EMS | $726.80 | | | | $726.80 |
| Lee Memorial Hospital | $7,590.00 | | $207.94 | $7,328.99 | $53.07 |
| Dr. Joseph Aloise | $222.00 | $22.76 | $89.18 | $110.06 | $0.00 |
| Lee Professional | $501.00 | | | $374.51 | $126.49 |
| Center for PhysMed | $8,733.28 | | | | $8,733.28 |
| Kagan Jugan | $739.75 | | $254.45 | $485.30 | $0.00 |
| **TOTALS** | **$21,106.83** | **$22.76** | **$681.13** | **$8,298.86** | **$12,104.08** |

2

3-17-2020                    301932955070001                    5120200317142128

We have enclosed for your review, copies of our client's medical bills, records, and reports.

## MEDICAL TREATMENT SUMMARY

As a result of this accident, our client sustained extensive bodily injuries as follows:
1. Right Knee Lateral Meniscus Tear
2. Right Knee Medial Meniscus Tear
3. Pain and Contusion, Right Knee
4. Neck Pain
5. Muscle Spasms of Head and Neck
6. Low Back and Hip Pain
7. Muscle Weakness
8. Paresthesia
9. Generalized Headache
10. Strain of Neck Muscle
11. Cervical Spine Painful on Movement
12. Acute Low Back Pain
13. Thoracic Spine Painful on Movement
14. Low Back Strain
15. Lumbar Disc Bulging and Herniated Discs with Extrusion
16. Cervicobrachialgia

When Theresa Gagnon fell, she twisted her body. Her left leg went forward and she landed on her right knee. It was immediately red and started swelling. She had pain from her groin to her right knee and burning neck pain. Theresa was helped to a chair and an ambulance was called to the scene. The Lee County EMS team arrive to find Theresa sitting in a chair with pain in her right knee and a burning sensation in her neck. She was also nauseous by the time they got there. Notes from the EMS report document pain upon palpation to the knee and with movement, swelling, and nausea.

The next day, Theresa could hardly walk. In addition to the pain in her right knee, she had significant pain in her low back and hip area. She contacted her primary care physician, Joseph Aloise, DO, and was seen the same day. After an exam, she was diagnosed with Contusion of Right Knee and Muscle Spasms of Head/Neck. The doctor prescribed medications for muscle spasms and advised her to keep it iced. He said if the symptoms do not subside, he would recommend and MRI and physical therapy.

On August 21, 2019, Theresa returned to Dr. Aloise for a follow up appointment. She advised that her right knee and low back pain continued and that she could hardly walk. Dr. Aloise gave her a prescription of Medrol and referred her to Dr. Sanderson at PhysMed.

On August 26, 2019, Theresa was seen and examined by Dr. Sanderson at PhysMed. She reported the facts of loss and her right knee and low back pain since that time. She also had neck pain, but to a lesser extent than her right knee and back. She did

3

advised that her neck pain was radiating into the left shoulder and rated her pain as a 5 to 7 out of 10. Her right knee and low back pain were rated a 7 to 8 out of 10. Upon exam, Dr. Sanderson noted tenderness to palpation posteriorly on the right side of her cervical spine; pain with range of motion testing; positive orthopedic tests to include Jackson Compression, Maximum Cervical Compression, Distraction, and O'Donahues; pain upon thoracic range of motion testing; tenderness to palpation of the lumbar spine and SI Joints; limited range of motion in the lumbar spine; and positive results to several lumbar orthopedic tests including Kemps, Straight Leg, Braggards, Yeomans, and SI Joint Compression; as well as right knee pain with range of motion testing in her right knee with tenderness and positive orthopedic tests including Vargus, Valgus, Anterior Drawer, McMurray, and Apley Compression. Dr. Sanderson diagnosed Theresa with: Muscle Weakness; Paresthesia; Generalized Headache; Strain of Neck Muscle; Cervical Spine Painful on Movement; Acute Low Back Pain; Thoracic Spine Painful on Movement; Low Back Strain; Cervicobrachialgia; and Pain in Right Knee. A plan of treatment was developed to include chiropractic manipulative treatments, physiotherapy, postural muscle exercises, stretching, intersegmental traction, and cryotherapy. Dr. Sanderson also taped her right knee for support and to prevent over-contraction.

On August 31, 2019, Theresa went to Akumin for the knee and low back MRI scans. The results were as follows:

**MRI – Right Knee**
1. Oblique tear of the posterior horn of the medial meniscus surfacing inferiorly.
2. Torn atrophic anterior horn of the lateral meniscus.
3. Small popliteal cyst.

**MRI – Lumbar Spine**
1. L2-L3: There is **broad-based disc bulge** causing mild bilateral foraminal stenosis in association with facet joint hypertrophy.
2. L3-L4: There is a **broad-based disc bulge** causing mild bilateral foraminal stenosis in association with facet joint hypertrophy.
3. L4-L5: There is disc desiccation. There is a **broad-based disc herniation** causing moderate bilateral foraminal stenosis and mild central canal stenosis in association with facet joint hypertrophy.
4. L5-S1: There is disc space narrowing and disc desiccation. There is a **large broad-based disc herniation with extrusion of disc fragment into the left lateral recess and causing moderate right-sided foraminal stenosis and mild-to-moderate central canal stenosis.**

Theresa was compliant with therapy but continued to have significant right knee pain. On October 18, 2019, Theresa presented to Athletic Orthopedics and Reconstructive Center where she was seen by John Kagan, MD. Theresa described the accident and injuries. She described her pain as constant and mild to moderate ache. Her pain is localized to the anterior and lateral aspects with radiating pain in the lower extremity, swelling, weakness, and reduced range of motion. Dr. Kagan noted tenderness at the lateral joint line (mid third

4

and posterior third) and the medial joint line (mid third and posterior third). He also noted a disturbed gait. Positive orthopedic tests were Medial McMurray's, Lateral Steinman, Medial Steinman, and Lateral McMurray's. Dr. Kagan performed an ultrasound guided injection into the right knee with a solution of Marcaine and Depo-Medrol. After his examination and review of the right knee MRI, Dr. Kagan diagnosed Theresa with: Lateral Meniscus Tear and Medial Meniscus Tear. He advised her to continue with her therapy.

Theresa continued therapy at PhysMed and was placed at maximum medical improvement on November 20, 2019. Dr. Sanderson's report dated December 5, 2019, notes his final diagnoses as: Herniation of Nucleus Pulposus of Lumbar Intervertebral Disc with Radiculopathy; Acute Tear of Lateral Meniscus of Right Knee; Acute Tear of Medial Meniscus of Right Knee; Muscle Weakness; Paresthesia; Generalized Headache; Strain of Muscle, Fascia, and Tendon at Neck Level; Cervicalgia; Pain in Thoracic Spine; Strain of Muscle, Fascia, and Tendon of Lower Back; Cervicobrachialgia; and Pain in the Right Knee. He further states in his report that Theresa's injuries are a direct result of the fall on 8/16/19 and that she has sustained a permanent impairment from these injuries.

## DAMAGES

Theresa Gagnon is 66 years old. Prior to this fall, Theresa was able to take care of her house, do all of her yard work, and play outside with her dogs. Unfortunately, after the fall, she was very limited in her activities. Friends came to her aid and her daughter flew down from Massachusetts to take care of her. She continues to have pain in her neck, back, and right knee. She now walks with a limp. She cannot have surgery due to the fact that she does not react well to anesthesia.

Theresa has incurred $21,106.83 in past medical specials, with almost $13,000 either unpaid or in the form of a lien, as a result of this loss. Clearly, she will require future care. using a conservative figure of $2,500.00 per year over the balance of her lifetime would equate to possibly $50,000.00 in future medical expenses. If her pain is so severe that she needs additional injections or possibly surgery, those expenses could be in excess of $150,000.00.

## EVALUATION

Based on the permanent nature of the injuries sustained by Theresa Gagnon, her past, present and future pain, suffering, monetary expenses, and other factors, we evaluate our client's damages to exceed your policy limits which you have certified to us at $1,000,000.00. Please tender the sum of $350,000.00 within the next thirty (30) days. Kindly issue your settlement check made payable to Goldstein, Buckley, Cechman, Rice & Purtz, PA Trust Account within thirty (30) days from the date of this offer of settlement. Our Tax ID is 59-1410317.

5

Please note that upon settlement of this claim, we will ONLY release your named insured, your insurance company, and any other related entities. We will NOT have our client sign a release that includes all other persons, corporations, entities, etc.

Please be advised that the enclosed information is specifically provided in the confidential context of settlement negotiations. It is disclosed in the interest of and for the limited purpose of pre-suit settlement negotiations. This information is not to be used by Sedgwick for any other purpose or disseminated to any third party.

Thanking you in advance for your courtesy and cooperation.

Very truly yours,

GOLDSTEIN, BUCKLEY,
CECHMAN RICE & PURTZ, P.A.

Andrea Pleimling Smith, Esquire

ASP/baj
Enclosures

6